MONROE, J.
Relators having instituted a suit in the district court for the parish of St. Mary attacking, as illegal or unconstitutional, an ordinance of the police jury providing for the erection of a courthouse, and praying for an injunction to restrain the police jury from acting thereunder, the judge of the district court recused himself (on the ground that at a time when he believed there would be no opposition to the building of the courthouse, he had advised the police jury that it was authorized to undertake the work) and appointed a member of the bar of the parish, having the qualifications of a judge of a district court, to act in his-stead, to which plaintiffs (relators herein) excepted, on the ground that:
“Act No. 40, p. 39, of 1880, requires the judge recusing himself for interest to appoint a judge of one of the adjoining districts to try the case, and the exception having been overruled, they now apply to this court for writs of certiorari and prohibition and pray that the order of appointment be annulled, and that the judge a quo be ordered to appoint a judge of an-adjoining district to try the case.”
In support of their application, relators propound the theory that the district judge, having recused himself for the reason that he had advised the police jury that it had the right under the law to build a courthouse, “which was the essence of the litigation in the case of John Murphy et al. v. Police *942 Jury, has disclosed such' an interest in the litigation as disqualifies him,” and that being disqualified and having recused himself by reason of interest, it was his duty to appoint a judge of an adjoining district, rather than a lawyer, to act in his stead. This theory is untenable. The fact that the judge advised the police jury indicates that he had formed an opinion, fiut it does not indicate that he had any interest in the matter concerning which the opinion was formed, and, in giving his reasons for recusing himself, he distinctly stated that he had none.
The writs prayed for are therefore denied, and these proceedings dismissed, at the cost of relators.